IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEACH COMMUNITY BANK                                      PLAINTIFF

v.                                           CIVIL NO. 1:15cv4-HSO-JCG

CUSHMAN & WAKEFIELD OF GEORGIA,
INC., SCOTT R. TONNESON, AND
JOHN DOES 1-10                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS CUSHMAN & WAKEFIELD OF GEORGIA,
INC., AND SCOTT R. TONNESON'S MOTION FOR SUMMARY
JUDGMENT [55] AND DENYING AS MOOT DEFENDANTS'
MOTION TO STRIKE AFFIDAVIT OF JAMES TURNER [74]

BEFORE THE COURT are Defendants Cushman & Wakefield of Georgia,

Inc., and Scott R. Tonneson's Motion for Summary Judgment [55] and Motion to

Strike Affidavit of James Turner [74].  These Motions have been fully briefed.

Having considered the parties' submissions, the record as a whole, and relevant

legal authority, the Court is of the opinion that Defendants' Motion for Summary

Judgment [55] should be granted and their Motion to Strike [74] should be denied

as moot.

I.  BACKGROUND

A.    Relevant Background

This case arises out of a real estate appraisal (the "Appraisal" or "2007

Appraisal") conducted on a proposed subdivision of real property, specifically the

Beaver Dam Crossing Subdivision in Stone County, Mississippi.  Defendant

Cushman & Wakefield of Georgia, Inc.'s ("C&W"), employee Defendant Scott R.

Tonneson ("Tonneson") (collectively "Defendants") performed the Appraisal on or about June 21, 2007, on behalf of The People's Bank in Biloxi, Mississippi.  Compl. [1] at 2.[1]

On or about February 25, 2008, William Mike Adkinson ("Adkinson") submitted an application to Beach Community Bank ("Plaintiff") for a $1 million loan to be secured by the real property that was the subject of Defendants' 2007 Appraisal.  *Id.* at 3.  On or about March 30, 2008, Plaintiff's loan committee conditionally approved the loan, contingent in part upon the receipt of an updated appraisal on certain parcels contained within the original appraised real property. *Id.*

On April 24, 2008, Defendants updated their 2007 Appraisal and supplied Plaintiff with a "Recertification Letter to [A]ppraisal of Real Property Effectively dated July 21, 2007" ("Recertification" or "2008 Recertification").  Ex. HH [68-34] at 1-4.  This 2008 Recertification estimated a value of $1.6 million for the smaller 20.3 acre tract (the "Property") of "Multi-Family Land," Ex. HH [68-34] at 3, which was contained within the 'large "'Parent tract' of approximately 314 acres," Ex. BB [68-28] at 3.  Compl. [1] at 2-3.  Plaintiff alleges that, in reliance upon Defendants' valuation of the Property in the 2008 Recertification, it issued a promissory note in the amount of $1 million, secured by the Property, to Adkinson.  *Id.*

In 2012, Adkinson defaulted on the promissory note.  In conducting the foreclosure, Plaintiff secured a new appraisal on November 13, 2012, for the

---

[1] The actual Appraisal, Ex. GG [68-33], appears to be dated July 21, 2007.  Whether the Appraisal was completed in June or July 2007 is not relevant to the issues before the Court.

2

Property from The Appraisal Shop which valued the Property at $86,000.00. *Id.*

The Property ultimately sold for $65,000.00. *Id.* at 3.

B.   Procedural History

    1.   Complaint

On January 8, 2015, Plaintiff filed a Complaint [1] in this Court advancing claims against Defendants for negligence/gross negligence and fraudulent concealment/latent injury. *Id.* at 4-7. Plaintiff alleges that as a result of Tonneson's negligent and grossly negligent breach of the applicable standards of care in valuing the Property at $1.6 million, when the Property was only worth $86,000.00, Plaintiff was able to recover merely a "fraction of the promissory note issued to Adkinson" and suffered compensatory and consequential damages. *Id.* at 4-5. Plaintiff asserts that C&W is liable to Plaintiff "under the doctrine of respondeat superior and/or vicarious liability for the negligence and gross negligence of its employee Tonneson" because he was acting within the course and scope of his employment. *Id.* According to the Complaint, the "updated [A]ppraisal/[R]ecertification was an affirmative act" performed by Defendants, subsequent to the initial Appraisal, that served to fraudulently conceal Defendant's negligent and grossly negligent acts such that the three-year statute of limitations for Plaintiff's negligence claims for "latent" damages was tolled until the receipt of the November 13, 2012, appraisal, Exh. K [67-7] at 1-2, which valued the property at $86,000.00. *Id.* at 5-7.

2.   <u>Defendants' Motion for Summary Judgment</u>

On July 6, 2016, Defendants filed their Motion for Summary Judgment [55] which maintains that Plaintiff's negligence claims arising out of the 2007 Appraisal and 2008 Recertification are barred by the three-year statute of limitations found at Mississippi Code § 15-1-49.  Mot. Summ. J. [55] at 1; Mem. in Supp. [56] at 9-13. Defendants posit that, even taking into consideration Plaintiff's assertion of fraudulent concealment or latent injury, Plaintiff was put on notice as early as June 16, 2009, when Plaintiff obtained an appraisal, Ex. BB [68-28] at 1-4, from R. David Belew ("Belew"), with Appraisal Associates, LLC, which valued the Property at only $71,000.00, that there might be an issue with Defendants' earlier 2007 Appraisal and/or 2008 Recertification.  Mem. in Supp. [56] at 9-13.  Thus the three-year statute of limitations began running in June 2009 at the latest.  *Id*.

Defendants also assert that Plaintiff did not rely upon their 2007 Appraisal or 2008 Recertification in making its loan decisions such that neither could be the proximate cause of any damages.  Mot. Summ. J. [55] at 1-3; Mem. in Supp. [56] at 13-15.  Alternatively, Defendants seek partial summary judgment as to Plaintiff's claims for the loss of $325,000.00 of the loan monies, attorneys' fees, and punitive damages.  Mot. Summ. J. [55] at 1-3; Mem. in Supp. [56] at 17-20.

Plaintiff's Response in Opposition [65] argues that Defendants' fraudulent concealment was "so thoroughly done" through the 2008 Recertification that Plaintiff "was greatly misled as to the accurate values and reasonably believed" that Belew was the one who performed a negligent appraisal.  Resp. in Opp'n Summ. J.

4

[65] at 20-25.  Plaintiff asserts that a genuine issue of material fact exists as to whether Tonneson's "refusals" to again update his Appraisal/Recertification, after Belew's 2009 appraisal was rejected, could be found by a reasonable juror to be "affirmative acts of fraudulent concealment" tolling the statute of limitations.  *Id*. Plaintiff's second argument is that Defendants waived their statute of limitations defense pursuant to Mississippi law by actively litigating the matter "for over eighteen months" because the statute of limitations is a substantive defense requiring the application of Mississippi law.  *Id*. at 25-27.

Defendants' Rebuttal [73] maintains that Tonneson's act of declining to perform any additional appraisals cannot be found to have been an affirmative act designed to prevent the discovery of Plaintiff's claims because

> [u]nder even the most charitable definition, declining to perform subsequent appraisals (which Tonnesson replied he did not have time to do) is not an *affirmative* act.  In the first place, Mississippi law is clear that "the affirmative act must in fact be designed to prevent the discovery of the claim". (sic) *Channel v. Loyacono,* 954 So.2d 415, 423 (Miss. 2007).  Merely declining to do an updated appraisal is a passive act, not an affirmative one, and there is no evidence that it was designed to prevent discovery of a claim, the Plaintiff's bare assertion notwithstanding.

Rebuttal [73] at 4 (emphasis in the original).   Defendants further contend that they have not waived their statute of limitations defense.  Rebuttal [73] at 2-11.

3. <u>Defendants' Motion to Strike Affidavit of James Turner, Plaintiff's Expert Witness.</u>

On September 1, 2016, Defendants filed a Motion [74] to Strike asking the Court to strike the Affidavit of James Turner ("Turner") [74-1] which was produced

after Defendants filed their Motion for Summary Judgment and proffered opinions

not previously or timely expressed by Turner.  Mot. to Strike [74] at 1-7.

## II.  DISCUSSION

### A.    Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any

material fact, and the moving party is entitled to judgment as a matter of law." *Cox*

*v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P.

56(a).  In deciding a motion for summary judgment, a court "view[s] the evidence

and draw[s] reasonable inferences in the light most favorable to the nonmoving

party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir.

2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d

214, 216 (5th Cir. 2011).

Before it can determine that there is no genuine issue for trial, a court must

be satisfied that "the record taken as a whole could not lead a rational trier of fact

to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).  If the movant carries this burden, "the nonmovant

must go beyond the pleadings and designate specific facts showing that there is a

genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888

(1990) (the nonmovant must set forth specific facts to contradict the specific facts

set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.    Defendants did not waive their affirmative defense that Plaintiff's claims are barred by the statute of limitations.

Plaintiff does not dispute that Defendants pled the affirmative defense of the statute of limitations in their Answer [8]. Plaintiff instead argues that because Mississippi Code § 15-1-67 tolls the applicable statute of limitations pending the discovery of a claim that was fraudulently concealed, Mississippi's statute of limitations in this context constitutes substantive law which requires a federal court to apply Mississippi procedural law to determine whether a party has waived a statute of limitations defense. Resp. in Opp'n Summ. J. [65] at 25-26. Plaintiff then alleges that Defendants waived their statute of limitations defense pursuant to Mississippi law by actively litigating the matter "for over eighteen months." *Id*. at 25-27.

In support of its position, Plaintiff relies upon an opinion from the United States District Court for the Southern District of Mississippi which provides in relevant part that:

> . . . as regards procedural matters, including, as a general rule, statutes of limitations, Mississippi applies its own law.  A well-recognized exception to this general rule exists where the limitations period is an integral part of the statute which created the cause of action, and expiration of the limitations period extinguishes the right of action.  In such cases, the limitations period is considered to be substantive.

*Robinson v. General Motors Corp.*, 150 F. Supp. 2d 930 (S.D. Miss. 2001) (internal citations and quotations omitted).

However, in *Huss v. Gayden*, 508 F.3d 240, 244-45 (5th Cir. 2007), the United States Court of Appeals for the Fifth Circuit certified to the Mississippi Supreme Court the question of whether the plaintiffs' medical malpractice claims in that case were barred as a matter of law.  *Id*. at 241-42.  In its response to the Fifth Circuit, the Mississippi Supreme Court reaffirmed the general rule that "[u]nder Mississippi law, the plea of statute of limitations is an affirmative defense for which the party asserting it has the burden of proof."  *Huss v. Gayden*, 991 So. 2d 162, 165 (Miss. 2008).  Turning to the question of whether the plaintiffs' claims in that case were barred by the statute of limitations as a matter of law, the Mississippi Supreme Court responded that

> [t]he success *vel non* of this disputed affirmative defense requires a jury determination, but only if actually presented. Under Mississippi law, Gayden's failure to establish factually the proof necessary to be accorded the protection created by this substantive right, precludes Gayden from prevailing upon it as a matter of law. *This substantive issue should not be confused with the separate procedural issue of whether the defense is*

>   *raised, preserved or should be barred, all of which are controlled by*
>   *federal procedural law.*

*Huss,* 991 So. 2d at 165 (emphasis added).

This Court finds that that it is clear that under Mississippi law, an affirmative defense based upon a statute of limitations "is a substantive right to which Mississippi law applies" and the burden of proof falls on the party asserting it. *Huss*, 991 So. 2d at 165. However, when a party asserts an affirmative defense in a federal court case, federal procedural law controls the analysis of whether the defense was timely "raised, preserved, or should be barred." *Id.* "The Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (internal citations and quotations omitted); *see also Bryant v. Wyeth Inc.*, 816 F. Supp. 2d 329, 332-33 (S.D. Miss. 2011).

Under federal law, a defendant "does not waive an affirmative defense if it is raised at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Arismendez,* 493 F.3d at 610 (internal citations and quotations omitted); *see also Huss*, 991 So. 2d at 165 (whether an affirmative defense was "raised, preserved or should be barred" in a federal court matter is controlled by federal procedural law).

In the present matter, Defendants raised their statute of limitations defense in their Answer and, pursuant the Court's June 29, 2016, Text Only Order granting Defendants an extension of time to file dispositive motions, Defendants timely filed their Motion for Summary Judgment maintaining their statute of limitations

defense.  Based upon the record, the Court finds that Defendants timely asserted and prosecuted their statute of limitations affirmative defenses, and that Plaintiff has not been prejudiced in this regard.

C.   Plaintiff's negligence claims are barred by the three-year statute of limitations.

There appears to be no dispute between the parties that the applicable statute of limitations in this case is three years as set forth in Mississippi Code §15-1-49.  Section 15-1-49 provides in relevant part:

(1)   All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

(2)   In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

MISS. CODE ANN. §15-1-49.

Defendants' Motion for Summary Judgment posits that Plaintiff's negligence claims are clearly barred by the three-year statute of limitations because Plaintiff received Defendants' Appraisal in 2007 and Recertification in 2008, such that Plaintiff was required to file suit for any alleged negligence no later than 2011. Even if it were to be determined that Plaintiff was not put on notice of any alleged negligence by Defendants until Plaintiff received Belew's June 2009 appraisal [68-28] which valued the property at $71,000.00, Defendants contend that Plaintiff's negligence claims are still barred in that the Complaint was not filed until January 8, 2015, well after the statute ran.

10

Plaintiff counters that the statute of limitations was tolled pursuant to Mississippi Code §15-1-49(2) or § 15-1-67 because Defendants' negligence was "so thoroughly done" through the 2008 Recertification "that Plaintiff believed Belew was the one who performed the negligent appraisal" and "rejected Belew's [a]ppraisal."  Resp. in Opp'n Summ. J. [65] at 24-25.  Plaintiff further asserts that after Belew's 2009 appraisal was rejected, Tonneson was contacted by Plaintiff in "March and August 2011 to see if he would do updated appraisals," but Tonneson "declined on both of these occasions."  Resp. in Opp'n Summ. J. [65] at 5.

Tonneson's "refus[al]" to update his Appraisal/Recertification prohibited Plaintiff from discovering Defendants' negligence until Plaintiff received the 2012 Appraisal Associates appraisal [67-7], which valued the property at $86,000.00. Compl. [1] at 2-3; Resp. in Opp'n Summ. J. [65] at 24-25.  Plaintiff argues that Defendants' negligence constituted either a latent injury or fraudulent concealment which tolled the statute of limitations until Plaintiff's receipt of the 2012 appraisal.

The facts material to Defendants' Motion are not in dispute.  The last written report Plaintiff received from Defendants was the Recertification [68-34] dated April 2008, which valued the Property at $1.6 million.  In June 2009, Plaintiff received an appraisal [68-28] from the Appraisal Associates valuing the Property at $71,000.00.  Defendants maintain that the three-year statute of limitations began to run, at the latest, in June 2009 when Plaintiff, a sophisticated lender, was placed on notice of the vast disparity in the appraisal valuations.

The statute of limitations may have been tolled until Plaintiff "discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. §15-1-49(2).  Mississippi Code § 15-1-67 provides that:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

MISS. CODE ANN. §15-1-67.  For Plaintiff to prevail on its fraudulent concealment theory, a two step process applies.  The first step requires Plaintiff to prove that some affirmative act or conduct was done by Defendants that prevented discovery of the claim, and the second step requires Plaintiff to prove that due diligence was exercised to discover the claim.  *Ill. Cent. RR Co. v. Guy*, 682 F.3d 381, 393-94 (5th Cir. 2012); *Raddin v. Manchester Educ. Found. Inc.*, 175 So. 3d 1243, 1249 (Miss. 2015).

For Plaintiff to sustain its burden of proof and survive summary judgment under either a latent injury or fraudulent concealment theory, Plaintiff was required to come forward with material facts that would allow a reasonable jury to conclude that after Plaintiff received the 2009 appraisal, which valued the Property over $1.5 million less than Defendants' 2008 Recertification, Plaintiff exercised "reasonable diligence" to determine which appraisal properly valued the Property or was allegedly negligently prepared.  Plaintiff has pointed to no such evidence.  Nor has Plaintiff adduced competent summary judgment evidence demonstrating that

any reasonable juror could find an affirmative act of concealment was committed by either Defendant.

After receipt of the 2009 appraisal, Plaintiff elected on its own to assume that the 2009 appraisal, as opposed to Defendants' 2008 Recertification, was negligently prepared.  In the Court's view, Plaintiff's decision to do nothing more than request Defendants update their prior Appraisal/Recertification and to forgo obtaining an appraisal from an independent third party prior to the 2012 appraisal does not equate to an affirmative act of concealment by Defendants, nor does it demonstrate "reasonable diligence" by a sophisticated lending institution.  In the absence of reasonable diligence, Plaintiff's Complaint filed in January 2015 is barred by the three-year statute of limitations, which began to run in 2009.

Plaintiff has supplied no authority to support its contention that Tonneson's declining to provide updated appraisals could be considered an affirmative act sufficient to toll the statute of limitations, and the Court has located none.  *See Bonds v. Modern Woodmen of America*, Civil No. 3:13cv059, 2014 WL 1255426, at *3 (N. D. Miss. March 26, 2014) (finding no fraudulent concealment because "the alleged acts are not affirmative in nature.  'Not discussing' the transaction is not an affirmative act.").   This is insufficient to sustain Plaintiff's burden.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that reasonable minds could not differ and Defendants should be granted summary judgment.  There can be no dispute that Plaintiff's claims are barred by the three-year statute of limitations.  For this reason, there is no need for the Court to

consider Defendants' alternative arguments in support of summary judgment. *Swanson v. Hearst Corp.,* 586 F.3d 1016, 1019 (5th Cir. 2009).

Nor is there any need for the Court to consider Plaintiff's claim for punitive damages because Plaintiff is not entitled to recover compensatory damages. *See* MISS. CODE ANN. § 11-1-65; *James v. State Farm Mut. Auto. Ins. Co.,* 743 F.3d 65, 70 n.5 (5th Cir. 2014) (citing *Broussard v. State Farm Fire & Cas. Co.,* 523 F.3d 618, 628 (5th Cir. 2008)); *see also Dykes v. Husqvarna Outdoor Products, N.A., Inc.,* 869 F. Supp. 2d 749, 760 (S.D. Miss. 2012).

D.    Defendants' Motion to Strike Affidavit of James Turner should be denied as moot.

Plaintiff submitted Turner's Affidavit [67-9] in support of its Response in Opposition [65] to summary judgment.  Plaintiff asserted that Turner's Affidavit supplemented his prior expert opinions and supported Plaintiff's negligence claims as to Defendants' preparation of the 2007 Appraisal and 2008 Recertification.  Mot. in Opp. Summ. J. [65] at 9-20.

The Court finds that Defendants' Motion to Strike should be denied as moot because Plaintiff's claims are barred by the three-year statute of limitations, regardless of any opinion expressed in Turner's Affidavit as to the merits of a negligence claim against Defendants.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.  The Court will grant Defendants Cushman & Wakefield of Georgia, Inc., and Scott R.

14

Tonneson's Motion for Summary Judgment [55] and deny as moot their Motion to Strike Affidavit of James Turner [74].  Plaintiff Beach Community Bank's claims against Defendants will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Cushman & Wakefield of Georgia, Inc., and Scott R. Tonneson's Motion for Summary Judgment [55] is **GRANTED** and their Motion to Strike Affidavit of James Turner [74] is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Beach Community Bank's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 13th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE